IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| David Antonio Little, Jr., | ) | Case No. 0:23-cv-1851-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| A.W.T. Robertson; Mailroom Admin. Ms. Gray, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 9) recommending that the Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

**I.    Background and Relevant Facts**

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Namely, Plaintiff alleges that the mailroom administrator at McCormick Correctional Institution has deliberately delayed bringing Plaintiff his mail and withholds his mail for no reason, including legal mail. Plaintiff alleges he has suffered "irreparably." (Dkt. No. 9 at 1).

On May 16, 2023, the Magistrate Judge issued an R&R recommending the complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 9). Plaintiff did not file objections to the R&R.

-1-

-2-

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state a plausible claim for relief. (Dkt. No. 9 at 3-4) (noting that mere delays or problems with mail service do not raise a plausible constitutional violation and string citing cases to that effect); *Pearson v. Simms*, 345 F. Supp. 2d 515, 520 (D. Md. 2003), *aff'd*, 88 F. App'x 639 (4th Cir. 2004) ("Here, even where plaintiff has demonstrated up to a week long delay in the posting of certain legal mail there is no evidence that defendants acted so as to interfere with the posting of the plaintiff's mail. Further, plaintiff has advised of no actual injury or specific harm, sufficient to support a claim of denial of access to the court, which he has suffered as a result of the allegedly alleged delay or mishandling of his mail. The only evidence Pearson offers of injury is a conclusory statement that he was unable to properly prosecute his cases.").

Plaintiff is further put on notice that dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 9) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

July 18, 2023
Charleston, South Carolina

-4-